# DECISIONS

OF THE

# COURT OF APPEALS OF KENTUCKY.

## JANUARY TERM, 1892.

CASE 1—PETITION ORDINARY—MARCH 10.

### French v. Sewell.

APPEAL FROM BREATHITT CIRCUIT COURT.

THE TITLE TO A FREEHOLD IS NOT INVOLVED SO AS TO GIVE THE COURT OF APPEALS JURISDICTION where the question as to title is only incidental to the real matter in issue, and the judgment does not determine the rights of adverse claimants.

The plaintiff in this case seeks to recover a sum which he alleges defendant agreed to pay him if he would procure the right to the minerals in certain lands, which he alleges he has done, the defendant alleging that the title to the lands is defective, and that, therefore, the plaintiff ought not to recover. *Held*—That the title to a freehold is not involved, and the amount in controversy being less than three thousand dollars the Superior Court has jurisdiction of the appeal.

HURST & BACK, WM. LINDSAY, THOMAS H. HINES, FOR APPELLANT.

S. H. PATRICK, PARK PHIPPS, FOR APPELLEE.

JUDGE PRYOR DELIVERED THE OPINION OF THE COURT.

This case must go to the Superior Court, as the amount in controversy is less than three thousand dollars. There is no title to a freehold involved or any question that would settle the title to the minerals on the lands.

The claim by the plaintiff (the appellee) is, that the defendant agreed to give him five cents per acre for the right to the minerals in certain lands in Eastern Kentucky; that he had procured the right to a certain number of acres and was entitled to recover ———— dollars.

The defense alleges that the title was to be good to the lands owned by the parties of whom the agent obtained this right, and the title being defective the appellee ought not to recover. This is no controversy between a claimant and the one in possession as owner, or a contest between adverse claims of title, and the question as to title is only incidental to the real matter in issue.

If a real estate agent should sue for his commissions by reason of the purchase of land for the principal, and the latter should defend on the ground that the vendor had no title, it would present the same question. The owners of the land are not parties, and the effect of the judgment would deprive no one of title. This case is, therefore, transferred under submission that it may be decided.